UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JULIE CHRISLEY | JUDGMENT IN A CRIMINAL CASE<br><br>Case Number:   1:19-CR-00297-ELR-2<br>USM Number:   72601-019<br><br>Christopher Anulewicz<br>Defendant's Attorney |

**THE DEFENDANT:**

The defendant was found guilty on **COUNTS ONE, TWO, THREE, FOUR, FIVE, SIX, SEVEN, EIGHT, NINE AND TWELVE** after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1344, all in violation of 18 U.S.C § 1349 | Conspiracy to Commit Bank Fraud | 2012 | 1 |
| 18 U.S.C. §§ 1344 and 2 | Bank Fraud | 2012 | 2 |
| 18 U.S.C. §§ 1344 and 2 | Bank Fraud | 2012 | 3 |
| 18 U.S.C. §§ 1344 and 2 | Bank Fraud | 2012 | 4 |
| 18 U.S.C. §§ 1344 and 2 | Bank Fraud | 2012 | 5 |
| 18 U.S.C. §§ 1344 and 2 | Bank Fraud | 2012 | 6 |
| 18 U.S.C. § 1343 | Wire Fraud | July 2014 | 7 |
| 18 U.S.C. § 371 | Conspiracy to Defraud the U.S. to Obstruct and Impede the Internal Revenue Laws | February 2, 2018 | 8 |
| 26 U.S.C. § 7201 and 18 U.S.C. § 2 | Tax Evasion | February 2, 2018 | 9 |
| 18 U.S.C. § 1512(c)(2) | Obstruction | June 2019 | 12 |

DEFENDANT:   JULIE CHRISLEY
CASE NUMBER:  1:19-CR-00297-ELR-2  Judgment -- Page **2** of **9**

The defendant is sentenced as provided in pages 3 through 9 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

November 21, 2022
Date of Imposition of Judgment

*Eleanor L. Ross*
Signature of Judge

ELEANOR L. ROSS, U. S. DISTRICT JUDGE
Name and Title of Judge

December 5, 2022
Date

DEFENDANT:  JULIE CHRISLEY
CASE NUMBER:  1:19-CR-00297-ELR-2                                                                          Judgment -- Page **3** of **9**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  **EIGHTY-FOUR (84) MONTHS as to Counts 1 through 7 AND 12, and SIXTY (60) MONTHS as to Counts 8 and 9, all to run concurrent for a total term of EIGHTY-FOUR (84) MONTHS of imprisonment.**

The court makes the following recommendations to the Bureau of Prisons:  That Defendant be allowed to voluntarily surrender no sooner than January 15, 2023; and that Defendant be designated to FCI Coleman (Summerville, Florida) and in the alternative, if space is not available at FCI Coleman, she be designated to FCI Tallahassee.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:   JULIE CHRISLEY  
CASE NUMBER:  1:19-CR-00297-ELR-2                                                                    Judgment -- Page **4** of **9**

Judgment in a Criminal Case  
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  **THREE (3) YEARS on Counts 1 through 7 and 12, and THREE (3) YEARS on Counts 8 and 9, all such terms to run concurrent for a total term of THREE (3) YEARS of supervised release.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   JULIE CHRISLEY
CASE NUMBER:   1:19-CR-00297-ELR-2  Judgment -- Page **5** of **9**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:   www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____  Date _____

USPO's Signature _____  Date _____

DEFENDANT:   JULIE CHRISLEY  
CASE NUMBER:  1:19-CR-00297-ELR-2                                                          Judgment -- Page **6** of **9**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information.  The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

If not paid in full immediately, the defendant shall make restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $1,000.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

DEFENDANT: JULIE CHRISLEY
CASE NUMBER: 1:19-CR-00297-ELR-2

Judgment -- Page **7** of **9**

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court will waive the fine and cost of incarceration in this case.

The defendant shall pay to the United States a special assessment of **$1,000.00,** which shall be due immediately.

### Special Assessment

TOTAL        **$1,000.00**

### Fine

TOTAL        **WAIVED**

### Forfeiture

Pursuant to 18 U.S.C. § 982(a)(2)(A), the Defendant shall forfeit to the United States a forfeiture money judgment in the amount of $17,270,741.57, which shall be held jointly and severally liable with co-defendant Todd Chrisley.

### Restitution

TOTAL        **$17,270,741.57**

Restitution shall be paid in full immediately. The defendant shall make restitution in the amount of **$17,270,741.57 (to the victims) joint and severally with co-defendant Todd Chrisley.** Payments are to be made to the Clerk, of the United States District Court, Northern District of Georgia, for distribution to the victims, in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss***** | Restitution Ordered |
|---|---|---|
| FDIC-R Alpha Bank & Trust (FIN#10018) FDIC Restitution Payments PO Box 971774 Dallas, TX 75397-1774 | $2,050,725.80 | $2,050,725.80 |
| Synovus Bank Attn: Alan Ridley Managed Assets Division 1501 N. Thornton Ave. Dalton, GA 30720 | $3,052,136.84 | $3,052,136.84 |

DEFENDANT:   JULIE CHRISLEY
CASE NUMBER:  1:19-CR-00297-ELR-2                                                                                      Judgment -- Page **8** of **9**

| | | |
|---|---|---|
| Cadence Bank<br>Attn: Legal<br>2100 Third Ave. N., Suite 1100<br>Birmingham, AL 35203 | $1,370,801.71 | $1,370,801.71 |
| FDIC-R Haven Trust Bank<br>(FIN#100027)<br>FDIC Restitution Payments<br>PO Box 971774<br>Dallas, TX 75397-1774 | $3,968,946.58 | $3,968,946.58 |
| FDIC-R Integrity Bank<br>(FIN#10012)<br>FDIC Restitution Payments<br>PO Box 971774<br>Dallas, TX 75397-1774 | $3,272,449.10 | $3,272,449.10 |
| SouthState Bank<br>Attn: Mark Hill<br>1375 North Broadway Ave.<br>Bartow, FL  33830 | $2,810,882.84 | $2,810,882.84 |
| Regions Bank<br>Attn: Mary Ann Coker<br>2090 Parkway Office Cir.<br>Hoover, AL 35244 | $624,798.70 | $624,798.70 |
| United Community Bank<br>Attn: James Askew<br>6372 Highway 53 East<br>Dawsonville, GA 30534 | $120,000.00 | $120,000.00 |
| **TOTALS** | <u>**$17,270,741.57**</u> | $17,270,741.57 |

The court determined that the defendant does not have the ability to pay interest and it is ordered that:  The interest requirement is **WAIVED** for the restitution.

If not paid in full immediately, the defendant shall make restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $1,000.

DEFENDANT:   JULIE CHRISLEY
CASE NUMBER:   1:19-CR-00297-ELR-2                                                                                         Judgment -- Page **9** of **9**

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
***Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.