IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JULIE CHRISLEY | Criminal Action No.<br><br>1:19-CR-297-ELR-JSA |

**Government's Sentencing Statement**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Annalise K. Peters and Alex R. Sistla, Assistant United States Attorneys for the Northern District of Georgia, files this brief sentencing statement setting forth the parties' view of the correct advisory Guidelines calculation. Resentencing is scheduled for Wednesday, September 25, 2024, where the government will request that Defendant Julie Chrisley be sentenced to 84 months of imprisonment—a within Guidelines sentence and the same sentence this Court imposed at the initial sentencing after considering all the § 3553(a) factors.

1. **Procedural History**

After a three-week trial in April and May 2022, Julie Chrisley ("Julie") was convicted of all counts in a superseding indictment. (Doc. 228).  On November 21, 2022, this Court held a sentencing hearing and calculated Julie's adjusted Guidelines range as 121 to 151 months' imprisonment based on the 2021 U.S. Sentencing Guidelines:

1

| BANK FRAUD | | |
|---|---|---|
| 2B1.1(a)(1) | Base offense level | 7 |
| 2B1.1(b)(1)(K) | Loss amount between $9.5M and $25M (based on actual loss of $17,270,741) | 20 |
| 2B1.1(b)(10)(C) | Derived >$1M in gross receipts from one or more financial institutions | 2 |
| 3C1.1 | Obstruction | 2 |
| **TOTAL** | | **31** |
| | | |
| **TOTAL AFTER GROUPING WITH OTHER COUNTS OF CONVICTION** | | **32** |

(Doc. 363 at 110-74).

The government recommended a within-Guidelines sentence of 144 months of imprisonment, and Julie requested a non-custodial sentence. (*Id.* at 178, 209-10, 214). After considering the Guidelines and the § 3553(a) factors, the Court sentenced Julie to 84 months' imprisonment, announcing that it was granting a downward variance based on her age, health, having minor children at home, and being a caretaker for elderly parents. (*Id.* at 223, 227-29). The Court also ordered Julie to pay $17,270,741 in restitution and entered a forfeiture order for the same amount. (Docs. 338, 347).

After Julie appealed her convictions and sentence, the Eleventh Circuit "affirm[ed] the district court on all issues except for the loss amount attributed to Julie." (Doc. 415 at 3). While "sufficient evidence allowed a reasonable jury to conclude that Julie participated in the conspiracy as early as 2007," "[t]he district court did not identify the evidence it relied on to hold Julie accountable for losses incurred before 2007[.]" (*Id.* at 3, 32). Accordingly, the court of appeals "vacate[d] Julie's sentence so the district court can address the narrow issue of what the

proper loss amount attributable to Julie is for purposes of the base offense level, restitution, and forfeiture" and "make factual findings about when Julie's involvement in the conspiracy began." (*Id.* at 44).

For resentencing purposes, the government does not intend to introduce new or additional evidence on when Julie joined the bank fraud conspiracy. Instead, the government will proceed on an actual loss amount of $4.7 million—the actual loss incurred after Julie's real estate company received its first fraudulent loan on July 11, 2007. As the Eleventh Circuit noted, "Special Agent Ryskoski testified at the sentencing hearing that if he removed loans issued before July 11, 2007, which was the first date that a fraudulently obtained loan was issued to Julie's own company, the actual loss and restitution amount dropped to $4.7 million." (Doc. 415 at 44; *see also* Doc. 363 at 91-92). Undersigned counsel has conferred with defense counsel, who agrees to proceeding with a loss amount, forfeiture, and restitution of $4.7 million.[1]

At resentencing, the 2023 U.S. Sentencing Guidelines will control. Accordingly, there will be two changes from the original calculation of the adjusted Guidelines range:

---

[1] The government will present a consent forfeiture order at sentencing.

| BANK FRAUD | | |
|---|---|---|
| 2B1.1(a)(1) | Base offense level | 7 |
| 2B1.1(b)(1)(J) | *Loss amount between $3.5M and $9.5M (based on actual loss of $4.7M)* | 18 |
| 2B1.1(b)(10)(C) | Derived >$1M in gross receipts from one or more financial institutions | 2 |
| 3C1.1 | Obstruction | 2 |
| 4C1.1 | *Zero-point offender reduction* | -2 |
| **TOTAL** | | **27** |
| | | |
| **TOTAL AFTER GROUPING WITH OTHER COUNTS OF CONVICTION** | | **28** |

Based on the foregoing, Julie's adjusted Guideline range is 78 to 97 months' imprisonment based on a total offense level of 28 and a criminal history category I (as opposed to an adjusted range of 121 to 151 months' imprisonment based on a total offense level of 32). Undersigned counsel has conferred with defense counsel, who agrees with the adjusted Guideline range of 78 to 97 months' imprisonment.

For the reasons set forth in the government's original sentencing memorandum, (Doc. 305), and for the reasons announced by this Court at the original sentencing hearing, the government will recommend the Court impose a sentence of 84 months' imprisonment. At the first sentencing, the government recommended a within-Guidelines sentence; at resentencing, the government will urge the Court to do the same, namely, to re-impose the same 84-month sentence, which is within the new adjusted Guidelines range.

Respectfully submitted this 16th day of September 2024.

                Respectfully submitted,

                RYAN K. BUCHANAN
                   *United States Attorney*

/s/ANNALISE K. PETERS
    *Assistant United States Attorney*
    Georgia Bar No. 550845
    annalise.peters@usdoj.gov

/s/ALEX R. SISTLA
    *Assistant United States Attorney*
    Georgia Bar No. 845602
    alex.sistla@usdoj.gov